JUAN ENRIQUE SOLTERO, apelante, *v.* LA COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO y THE FAJARDO SUGAR COMPANY OF PUERTO RICO, apelados.

Núm. 10104.—*Sometido:* Mayo 5, 1950. *Resuelto:* Mayo 19, 1950.

*Virgilio Brunet,* abogado del apelante; *Sifre, Franceschi & Sifre* y *Rafael Pastor,* abogados de The Fajardo Sugar Company of P. R.,* apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Actuando bajo la autoridad concedídale por la Ley núm. 11 aprobada el 9 de abril de 1941 (pág. 339),[1] la Comisión de Servicio Público de Puerto Rico designó al aquí apelante el 5 de abril de 1943 contador especial de la Comisión para que practicara la investigación de los libros, cuentas, prácticas y actividades de varias centrales azucareras, entre ellas la Fajardo Sugar Co. Se especificó en la carta de designación la labor a realizarse por el Sr. Soltero y sus ayudantes, diciéndose además lo siguiente:

"16. Usted y sus ayudantes deberán estar listos para declarar en las audiencias correspondientes.

---

[1] El artículo 1 de dicha ley dispone:

"La Comisión de Servicio Público queda por la presente plenamente facultada para, en cualquier procedimiento que hubiere ante sí incoado por su propia iniciativa o en virtud de querella o por solicitud de cualquiera entidad que a juicio de la Comisión de Servicio Público deban ser investigados, emplear personal adicional idóneo y temporáneo para practicar todas las investigaciones que estimare necesarias de los libros, cuentas, prácticas y actividades de cualquier empresa de servicio público bajo su jurisdicción, así como para efectuar valoraciones de sus propiedades y los gastos extraordinarios sin asignación por ley que hubiere en tal concepto, serán sufragados por las propias empresas investigadas. La Comisión de Servicio Público determinará los gastos de referencia y presentará a las empresas afectadas las cuentas correspondientes, remitiéndolas a ellas por correo certificado, a la terminación de cada investigación o valoración, o si no de tiempo en tiempo durante el período en que dicha investigación se realizare. Las cuentas así rendidas constituirán una notificación del gasto incurrido y un requerimiento de pago."

"17. El procedimiento a seguir en cuanto a la compensación de usted, es el fijado en la Ley núm. 11 de 1941. Usted puede enviar el estimado del valor de sus servicios o sus recomendaciones mensualmente o una vez se haya terminado la investigación de cada central."

Al terminar Soltero su labor de investigación de los libros de la Fajardo Sugar Co., sometió a la Comisión su cuenta por $15,028.15 la cual fué pagada por la central de acuerdo con lo provisto en el artículo 2 de la Ley núm. 11 de 1941, supra, que en lo pertinente dispone que "Toda empresa de servicio público pagará a la Comisión de Servicio Público dentro del término de quince (15) días de una notificación hecha en la forma aquí prescrita, el montante de los gastos especiales que se le cargaren en la misma. . ." ·

El 13 de junio de 1944 el Sr. Soltero sometió a la Comisión una cuenta adicional ascendente a $1,892.75 por concepto de honorarios suyos y de su ayudante por haber comparecido como testigos a las audiencias tarifarias de la Fajardo Sugar Co. celebradas por la Comisión en el período comprendido entre el 24 de abril y el 7 de junio de 1944, incluyéndose en dicha suma, además, los gastos de almuerzos y viajes. Notificada la Fajardo Sugar Co. con copia de dicha cuenta formuló oposición[2] a la misma alegando que no estaba obligada a pagarle pues la comparecencia del Sr. Soltero como perito de la Comisión en las vistas celebradas no era uno de los gastos especificados en el artículo 1 de la Ley

---

[2] El artículo 5 de la Ley núm. 11 de 1941 dispone:

"Dentro de un término de quince (15) días a contar de la fecha en que se remita por correo certificado una cuenta a cualquier empresa de servicio público, dicha empresa podrá radicar ante la Comisión de Servicio Público las objeciones que tuviere, especificando detalladamente las razones para considerar que dicha cuenta es excesiva, errónea, ilegal o nula. Al recibo de tales objeciones la Comisión procederá inmediatamente a señalar fecha para la celebración de una audiencia en conexión con las mismas y la cual deberá fijarse dentro de los próximos diez días a contar de la fecha de la orden que dictare la Comisión en ese sentido. La resolución que dicte la Comisión sobre las objeciones de referencia será de carácter final y ejecutiva en la misma forma y manera como la cuenta original."

11 de 1941, supra, que estuviera obligada la central a pagar. Celebrada una vista, la Comisión declaró sin lugar la petición del Sr. Soltero sobre pago de honorarios adicionales. Despues de referirse al párrafo 16 de la carta de designación, supra, la Comisión hizo constar en su resolución que ". . . es un deber del Contador designado a realizar la investigación, el declarar en las audiencias en relación con las investigaciones realizadas por él y sus ayudantes sin tener derecho a compensación adicional a la asignada en concepto de honorarios y gastos de la investigación de los libros y cuentas de la compañía afectada. . ."

No conforme el peticionario apeló para ante el Tribunal de Distrito de San Juan([3]) el cual confirmó la resolución de la Comisión por entender que la misma "es razonable y se ajusta a la ley".([4])

Contra dicha sentencia se interpuso el presente recurso de apelación para ante este Tribunal.([5])

Sostiene el apelante que la corte inferior erró al declarar que la resolución dictada por la Comisión es razonable y se ajusta a la ley y al desestimar su recurso de apelación. Los dos errores señalados envuelven una sola cuestión legal, a saber, ¿tenía derecho el apelante bajo los términos de la carta designándole contador especial a cobrar honorarios adicionales por su comparecencia como testigo en las audiencias tarifarias de la Fajardo Sugar Co. celebradas por la Comisión de Servicio Público en tal forma que dicha central azucarera sea responsable de su pago bajo el artículo 1 de la Ley núm. 11 de 1941, supra?

Ajustándonos a los términos del párrafo 16, supra, de la carta de designación, somos de opinión que la Comisión de

---

([3]) Véase el artículo 78 de la Ley núm. 70 de 6 de diciembre de 1917 ((2) pág. 433).

([4]) El artículo 83 de la Ley núm. 70 de 1917, supra, dispone:

"*Los autos como evidencia.*—En dicha apelación la corte determinará, en vista de los autos que le han sido certificados por la Comisión, si la orden apelada es o no razonable y de acuerdo con la ley."

([5]) Véase el artículo 90 de la Ley núm. 70 de 1917.

Servicio Público, que fué quien redactó dicha carta, estaba justificada en interpretarla en el sentido en que lo hizo, es decir, que el apelante, como parte de su labor de investigación de los libros de la Fajardo Sugar Co., estaba obligado a comparecer como testigo de la Comisión sin que dicha central azucarera viniera obligada a satisfacer la retribución adicional reclamada por el apelante. Creemos que la resolución de la Comisión en ese sentido es razonable y de acuerdo con la ley, en este caso el artículo 1 de la núm. 11 de 1941, supra, y que no erró la corte inferior al así resolverlo. Debe notarse que de acuerdo con el mencionado artículo, al autorizar a la Comisión la Asamblea Legislativa a emplear personal adicional idóneo limitó dicha autorización a lo siguiente: ". . . para practicar todas las investigaciones que estimare necesarias de los libros, cuentas, prácticas y actividades de cualquier empresa de servicio público bajo su jurisdicción, así como para efectuar valoraciones de sus propiedades. . .", siendo los gastos extraordinarios incurridos con motivo de la labor rendida en cuanto a dichas actividades se refiere, los que deben ser sufragados por las propias empresas investigadas. No dice la ley que éstas tengan que sufragar los gastos en que pueda incurrir la Comisión en las audiencias tarifarias celebradas como consecuencia de las investigaciones y valoraciones ya realizadas por el personal adicional contratado. No podía, en ley, obligar la Comisión a la Fajardo Sugar Co. a pagar la cuenta adicional del apelante.

*Debe confirmarse la sentencia.*

El Juez Asociado Sr. Snyder no intervino.